**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELMER BENJAMIN CRUZ TURCIOS,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | Case No. 1:26-cv-06894-JLT-EPG<br>A-Number: 220-818-594<br>ORDER DENYING THE PETITION FOR HABEAS CORPUS; DENYING PETITIONER'S REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT<br>(Docs. 1, 2) |

## I. INTRODUCTION

Before the Court is Elmer Benjamin Cruz Turcios' request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) Having carefully considered the parties' submissions, and for the reasons set forth below, the Court **DENIES** the petition for writ of habeas corpus.

## II. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is citizen of El Salvador who entered the United States at an unknown time and place and was not inspected or paroled by immigration officials. (Doc. 6-2 at 2.) On July 20, 2026, Petitioner was encountered by ICE in Florida and taken into immigration custody. (*Id.*) On August 8, 2026, Petitioner was served with a Notice to Appear, charging him as removable

pursuant to §§ 212(a)(7)(A)(i)(I) and 212(a)(6)(A)(i) of the Immigration and Nationality Act. (Doc. 6-1.) Petitioner is detained at the California City Detention Facility in California City, California. (Doc. 1 at 1.)

On August 25, 2026, Petitioner received a custody redetermination before an immigration judge ("IJ") pursuant to 8 C.F.R. § 1236. (Doc. 6-4.) The IJ denied bond based on flight risk. (*Id.*) On August 28, 2026, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting, *inter alia,* that his due process rights have been violated. (Doc. 1 at 6.) He requests immediate release or, alternatively, a bond hearing before a neutral arbiter. (*Id*. at 7.) In opposition, Respondents argue that Petitioner was already provided with a bond hearing and failed to exhaust his administrative remedies. (Doc. 6.) Petitioner did not file a reply.

## III. LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (Doc. 1 at 6.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm*., 525 U.S. 471, 482 (1999).

## IV. DISCUSSION

28 U.S.C. § 2241 “does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus.” *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). However, “[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241.” *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). A court may require prudential exhaustion when:

> (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). If a petitioner fails to exhaust prudentially required administrative remedies, then “a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies.” *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). A court may excuse prudential exhaustion, however, “if administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.” *Hernandez*, 872 F.3d at 988 (internal quotation marks omitted).

As a threshold matter, Petitioner does not address the August 25, 2026, bond hearing in his petition, nor does he demonstrate any constitutional deficiencies warranting another bond hearing or immediate release in light of receiving a custody redetermination. To the extent Petitioner is dissatisfied with the outcome of the bond hearing, such complaints must be presented through the normal immigration appeal process. As such, the Court declines to waive the prudential requirement of exhaustion based on futility or other grounds and **DENIES** the petition on this basis. However, the Court will order dismissal without prejudice in case Petitioner's situation changes—for example, if his detention becomes substantially more prolonged, if he is denied access to a bond hearing to which he may be entitled,[1] or if his bond

[1] Upon a showing of materially changed circumstances, noncitizens detained pursuant to § 1262(a) are entitled to request an additional bond hearing. See 8 C.F.R. § 1003.19(e).

proceedings are infected by legal error.

## V. CONCLUSION AND ORDER

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** without prejudice.
2. Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **DENIED** as moot.
3. The Clerk of the Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: _September 16, 2026_

UNITED STATES DISTRICT JUDGE