**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELMER BENJAMIN CRUZ TURCIOS,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No. 1:26-cv-06894-JLT-EPG<br><br>A-Number: 220-818-594<br><br>ORDER DENYING THE MOTION FOR RECONSIDERATION AND REQUEST TO REOPEN CASE<br><br>(Doc. 10) |

Before the Court is Elmer Benjamin Cruz Turcios' motion for reconsideration of this Court's order denying his petition for writ of habeas corpus and request to reopen his case. (Doc. 10.) For the foregoing reasons, the Court **DENIES** the motion.

## I. BACKGROUND

This Court has summarized the factual and procedural history behind this action in a previous order and incorporates that by reference here. (*See* Doc. 7.) On August 28, 2026, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting, *inter alia,* that his due process rights have been violated. (Doc. 1 at 6.) On August 31, 2026, the Court issued a scheduling order for the petition and Petitioner's related request for a temporary restraining order, in which Respondents were ordered to respond no later than September 8, 2026. (Doc. 4.) Petitioner was given until September 14, 2026, to file a reply. (*Id.*) The September 14 deadline passed, and on September 16, 2026, the Court denied Petitioner's petition

for writ of habeas corpus on the basis that he failed to exhaust his administrative remedies, as he had already received a custody redetermination before an immigration judge pursuant to 8 C.F.R. § 1236. (*Id*. at 2-3.) On the same day of the Court's order, Petitioner filed a reply and objected to Respondents' characterization of a domestic violence incident described in his Form I-213 as "conclusive proof that he presently poses a danger to the community." (Doc. 9 at 1-2.) Petitioner also informed the Court that on August 31, 2026, he filed an administrative appeal challenging the IJ's determination denying him bond. (*Id*.)

On September 18, 2026, Petitioner filed a *pro se* motion for reconsideration, claiming that because his reply to Respondents' opposition was not received until September 16, 2026, the Court did not have an opportunity to consider Petitioner's reply before resolving the petition. (Doc. 10 at 2.) Petitioner requests that the Court reconsider its order to "consider the complete procedural record before determining whether dismissal remains appropriate" and grant appropriate habeas and/or preliminary injunctive relief if the Court determines his continued detention is unlawful or constitutionally inadequate. (*Id*. at 4-5.) Because this motion was filed within 28 days of the final judgment that is being challenged, the Court construes the Motion as one made pursuant to Federal Rule of Civil Procedure 59(e) to modify the judgment. (*Id*.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987); *see also 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); accord *School Dist. No. 1J v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona*,

229 F.3d at 883). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n. 5 (2008) (internal quotation marks omitted).

**III. DISCUSSION**

Reconsideration of this Court's order denying Petitioner's petition for a writ of habeas corpus is not warranted under Rule 59(e). As a threshold matter, Petitioner does not argue that there has been an intervening change in the law or that there is new evidence. Petitioner thus appears to argue in his current motion that reconsideration is warranted to correct clear error or prevent manifest injustice.[1] While Petitioner does not explicitly claim that the Court's denial of his habeas petition was clearly erroneous, he appears to argue that it was a manifest injustice for the Court to not consider Petitioner's reply before resolving the petition.

Petitioner set forth no facts showing that manifest injustice would result if the Court denied his motion. "Courts of the Ninth Circuit generally treat 'manifest injustice' as very nearly synonymous with 'clear error,' defining manifest injustice as any 'error in the trial court that is direct, obvious and observable, such as a defendant's guilty plea that is involuntary.'" *Greenspan v. Fieldstone Fin. Mgmt. Grp., LLC*, 2018 WL 4945214, at *20 (D. Or. Aug. 22, 2018); *see also In re Oak Park Calabasas Condominium Ass'n*, 302 B.R. 682, 683 (Banks. C.D. Cal. 2003) (citing Black's Law Dictionary 563 (7th ed. 1999)) (defining manifest injustice under Rule 59(e)). "Manifest injustice," as it pertains to Rule 59(e), is not to be used as a Trojan Horse to breach a court order for a second chance at litigating the same issue. *All. for Wild Rockies v. United States Forest Serv.*, 2020 WL 7082687, at *2 (D. Idaho Dec. 3, 2020).

Petitioner has not set forth any facts to indicate a "direct, obvious and observable" error by the Court that would constitute manifest injustice in either his belated reply brief or his

---

[1] To the extent Petitioner contends that his failure to meet the Court's deadlines was excusable neglect, "mistake or excusable neglect" is not a recognized basis for Rule 59(e) reconsideration. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (recognizing manifest error of law or fact, newly discovered evidence or previously unavailable evidence, manifest injustice, and intervening change in controlling law as cognizable grounds for Rule 59(e) reconsideration); *see also Mendoza v. Garland*, 2023 WL 6050581, at *2 (S.D. Cal. Sept. 15, 2023) (denying Rule 59(e) motion based on mistake or excusable neglect). Thus, Petitioner's failure to comply with court deadlines due to extenuating circumstances, by itself, is not a basis for granting reconsideration.

motion for reconsideration. The fact that Petitioner filed an administrative appeal challenging the IJ's determination denying him bond on August 31, 2025 only confirms to the Court that Petitioner has administrative remedies available to him. Moreover, Petitioner fails to present any argument whatsoever as to why waiver would be appropriate in this case. *Hernandez v. Sessions,* 872 F.3d 976, 988 (9th Cir. 2017) (finding waiver of the prudential exhaustion requirement permissible "if administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.") Even assuming, *arguendo*, that the Petitioner's reply was made available for the Court's consideration, Petitioner has not identified any additional facts or law that would otherwise demonstrate any constitutional deficiencies warranting habeas relief. Thus, he fails to meet his burden to demonstrate that reconsideration is warranted on the basis that the Court erred or committed a manifest in denying his habeas petition for failing to exhaust administrative remedies prior to seeking habeas relief.

As to Petitioner's objections regarding the Form I-213 and Respondents' characterization of a domestic violence incident, the Court did not rely on Petitioner's Form I-213 in denying his petition for habeas corpus, nor did the Court deny relief based on Petitioner's dangerousness. Any evidentiary or factual disputes relating to Petitioner's alleged dangerousness are best addressed by an IJ in the context of a bond hearing. Accordingly, Petitioner's motion for reconsideration (Doc. 10) is **DENIED**.

IT IS SO ORDERED.

Dated: September 27, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE